UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Jeremy C., | Civ. No. 26-541 (PAM/SGE) |
| Petitioner, | |
| v. | **ORDER** |
| Pamela Bondi, Attorney General; Kristi Noem, Secretary, U.S. Department of Homeland Security; Todd M. Lyons, Acting Director of Immigration and Customs Enforcement; and David Easterwood, Acting Director, St. Paul Field Office Immigration and Customs Enforcement, | |
| Respondents. | |

Petitioner Jeremy C., a citizen of Venezuela, was detained by Immigration and Customs Enforcement on January 15, 2026. His habeas petition is clear that Petitioner has been detained outside of Minnesota and indicates that he may be detained in Texas. (See Pet. (Docket No. 1) at 18 (requesting that the Court order Respondents to "[r]eturn Petitioner to Minnesota"), ¶ 21.) Petitioner brings this habeas action seeking release or, in the alternative, a bond hearing.

Federal district courts are authorized to grant habeas relief only "within their respective jurisdictions." 28 U.S.C. § 2241(a). "[F]or core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement." Rumsfeld v. Padilla, 542 U.S. 426, 443 (2004). None of Petitioner's proffered justifications for filing this action in Minnesota is adequate. (See Pet. ¶¶ 5–.)

The general venue statute for civil actions, 28 U.S.C. § 1391, does not govern habeas actions, see Schlanger v. Seamans, 401 U.S. 487, 490 n.4 (1971). Petitioner's invocation of 28 U.S.C. § 2241 as a basis for the Court's jurisdiction makes even less sense, as Petitioner is not "a person in custody under the judgment and sentence of a State court," and Minnesota is not "a State which contains two or more Federal judicial districts."

Had Petitioner or his attorney stated where Petitioner is currently being detained, then the Court would transfer this matter to that district pursuant to 28 U.S.C. § 1631 and 28 U.S.C. § 1406(a). Because he has not, the Court dismisses this action without prejudice for lack of jurisdiction. Petitioner, of course, may refile this action in the appropriate venue.

Accordingly, **IT IS HEREBY ORDERED that** this matter is **DISMISSED without prejudice** for lack of jurisdiction.

Dated: February 2, 2026              s/ *Paul A. Magnuson*
                                     Paul A. Magnuson
                                     United States District Court Judge